UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL P. KIELY,

                    Plaintiff,

                                        CIVIL CASE NO. 01-40149

v.

HEARTLAND REHABILITATION            HONORABLE PAUL V. GADOLA
SERVICES, INC., et al.,                        U.S. DISTRICT COURT

                    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

At the close of Plaintiff's proofs, Defendants orally moved the Court for judgment as a matter of law on four issues:

1. That Plaintiff failed to establish a prima facie case of discrimination under the Michigan Persons with Disabilities Civil Rights Act ("PDA"), M.C.L. § 37.1101, et seq., because he has failed to show that he is qualified for the job by not being a "direct threat" in the workplace.

2. That Plaintiff failed to present any evidence as to the liability of Defendant Health Care and Retirement Corporation d/b/a Georgian Bloomfield.

3. That Plaintiff had not adequately explained his statements on a Social Security Disability Insurance application in which he stated that he was disabled.

4. That Plaintiff failed to mitigate his damages because he has stopped looking for work.

After hearing arguments on the matter, the Court took the motion under advisement. The Court now rules on Defendants' motion with respect to the second issue only, that Plaintiff failed to present any evidence as to the liability of Defendant Health Care and Retirement Corporation.

The Court will continue to hold the remaining three issues under advisement.

Defendant Heartland Rehabilitation Services ("Heartland") and Defendant Health Care and Retirement Corporation d/b/a Georgian Bloomfield ("Georgian Bloomfield") are two separate entities. Heartland is an independent contractor of Georgian Bloomfield. Because Plaintiff presented absolutely no evidence relating to Georgian Bloomfield, Plaintiff's claims against Georgian Bloomfield must be dismissed.

The Sixth Circuit has held:

> Although a direct employment relationship provides the usual basis for liability under the ADEA or ADA, courts have fashioned various doctrines by which a defendant that does not directly employ a plaintiff may still be considered an "employer" under those statutes. In one approach, courts examine whether two entities are so interrelated that they may be considered a "single employer" or an "integrated enterprise." In another approach, courts consider whether one defendant has control over another company's employees sufficient to show that the two companies are acting as a "joint employer" of those employees.
>
> * * *
>
> Under the "single employer" or "integrated enterprise" doctrine, two companies may be considered so interrelated that they constitute a single employer subject to liability under the ADEA and/or the ADA. In determining whether to treat two entities as a single employer, courts examine the following four factors: (1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control.
>
> None of these factors is conclusive, and all four need not be met in every case. Nevertheless, control over labor relations is a central concern.

*Swallows v. Barnes & Noble Book Stores*, 128 F.3d 990, 993-994 (6th Cir. 1997) (citations omitted).

The other approach, considers whether one company has control over another company's

employees sufficient to show that the two companies are acting as a "joint employer" of those employees. *Id*.  This requires an analysis of agency principles. *Id*. at 996.  "An agent is one who consents to act on behalf of another and subject to the other's control.  An agent within the context of the ADEA and other employment discrimination statutes must be an agent with respect to employment practices." *Id*.

Considering the "single employer" or "integrated enterprise" doctrine, Plaintiff has presented no evidence of interrelation of operations; common management, common directors and boards; centralized control of labor relations and personnel; or common ownership and financial control.  Considering the "joint employer" doctrine, Plaintiff has presented no evidence that Heartland is an agent of Georgian Bloomfield.  Plaintiff presented no evidence that Georgian Bloomfield delegated to Heartland "the authority to make employment decisions on its behalf, nor did it exercise the requisite control over [Georgian Bloomfield's] employment decisions." *Id*. at 996.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motion for judgment as a matter of law with respect to Defendant Health Care and Retirement Corporation is **GRANTED** and Defendant Health Care and Retirement Corporation is **DISMISSED** from this action.

**SO ORDERED.**

Dated:    October 24, 2005            s/Paul V. Gadola
                                      HONORABLE PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   October 31, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                    Karen B. Berkery; Lawrence J. Bunting                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                         George La Plata                          .


                                            s/Ruth A. Brissaud
                                            Ruth A. Brissaud, Case Manager
                                            (810) 341-7845

4